IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| V. CHARLES DONNELLY, *et al.*, | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 13-cv-00852-AW |
| | * | |
| BRANCH BANKING AND TRUST COMPANY, | * | |
| | * | |
| Defendant. | * | |

***************************************************************************

# MEMORANDUM OPINION

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs V. Charles Donnelly and Deborah A. Steffan filed a Complaint against Defendant Branch Banking and Trust Company ("BB&T") in the Circuit Court for Calvert County on February 4, 2013. Doc. No. 2. Plaintiffs are residents of Calvert County, Maryland, and own a 50% interest in Solomons Two, LLC ("Solomons"), a Maryland Limited Liability Corporation, which in turn owns a 90% percent interest in a property in Solomons, Maryland. *Id.* ¶ 4. Plaintiffs allege counts of negligence, negligent misrepresentation, promissory estoppel, and breach of contract (breach of implied covenant of good faith and fair dealing) against BB&T related to Plaintiffs' obligations as borrowers and guarantors under the deed of trust, note, and other documents held by BB&T as financing for the purchase of the Solomons property. Plaintiffs seek $1,000,000 in damages.

1

BB&T filed a timely Notice of Removal on March 20, 2013, as required by 28 U.S.C. § 1446. Doc. No. 1. According to the Notice, BB&T is a national banking association chartered by the Office of the Comptroller of the Currency within the Department of the Treasury, and its headquarters and principal place of business are in Winston Salem, North Carolina. *Id.* ¶ 8.

On April 22, 2013, Plaintiffs filed a Motion to Strike Notice of Removal or, in the Alternative, to Remand to the Circuit Court for Calvert County. Doc. No. 9. In the Motion, Plaintiffs argue that complete diversity does not exist between the parties, and therefore the Court lacks jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs further argue that BB&T waived its right to litigate the suit in federal court by previously filing an action in state court that "arises from the same set of commercial transactions and relationships" as the instant suit. Plaintiffs refer to an action for confessed judgment by BB&T against Plaintiffs and the remaining 50% owners of Solomons which was filed in the Circuit Court for Calvert County on October 5, 2012. *See* Doc. No. 9 Ex. A. The Clerk of the Circuit Court for Calvert County entered judgment against Plaintiffs on March 11, 2013 for $694,531.13. Doc. No. 9 Ex. D. Plaintiffs have moved to vacate the confessed judgment, but it is not clear whether the Circuit Court has taken any action on Plaintiffs' motion to vacate in that case. Doc. No. 9 Ex. E. Finally, Plaintiffs argue that BB&T's Notice of Removal is fatally defective because it references the Northern Division, rather than the Southern Division, of the District of Maryland. *See* Doc. No. 1 at 1.

BB&T filed a response in opposition to Plaintiffs' Motion on May 13, 2013. Doc. No. 10. As Plaintiffs did not file a timely reply, the Motion is now ripe for the Court's consideration. Although Plaintiffs purportedly move to strike the Notice of Removal, they do not identify any particular portions of the Notice that they seek to strike, and for every alleged defect Plaintiffs

assert that the proper remedy is remand to the state court. Accordingly, the Court will treat Plaintiffs' Motion as a motion to remand.

## II.     ANALYSIS

"On a motion to remand, a court must 'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.'" *Receivership of Mann Bracken, LLP v. Cline*, No. RWT 12cv292, 2012 WL 2921355, at *2 (D. Md. July 16, 2012) (quoting *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 378 (D. Md. 2011)). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain statement . . . when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008) (emphasis in original) (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151 (citing *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). While strict construction of the removal statute is required, district courts should be cautious about denying defendants access to a federal forum because the decision to remand is effectively unreviewable. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914-15 (D. Md. 1997).

National banks are "corporate entities chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).[1] "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For diversity purposes, courts have interpreted § 1348 to provide that a national bank is a citizen of the state in which its main office, as listed in its articles of association, is located. *N. Va. Foot & Ankle Assocs., LLC v. Pentagon Fed. Credit Union*, No. RWT 10CV1640, 2011 WL 280983, at *5 (D. Md. Jan. 26, 2011) (citing *Wachovia Bank*, 546 U.S. at 318); *see also Yacoubou v. Wells Fargo Bank*, 901 F. Supp. 2d 623, 626 (D. Md. 2012).[2]

Based on the record before it, the Court is unable to conclude with certainty that complete diversity exists in this case. Specifically, BB&T has not identified the location of its main office as listed in its articles of association. In *Schlegel v. Bank of America, N.A.*, Case No. 3:07cv00022, 2007 WL 1244567 (W.D. Va. Apr. 27, 2007), the court dealt with jurisdictional allegations similar to those alleged here. The notice of removal in that case alleged that the plaintiff was a citizen of Virginia while the national banking association's principal place of business was in North Carolina. *Id.* at *1. The court, interpreting § 1348 and *Wachovia*, concluded that the jurisdictional allegations were insufficient to satisfy the court that complete diversity existed. *Id.* The *Schegel* court explained:

---

[1] Under 12 U.S.C. §§ 21 *et seq.*, national banking associations may be formed when five or more individual institutions enter into articles of association specifying the purpose for association and provisions for regulation. The terms "national bank" and "national banking association" are synonymous and interchangeable under the National Banking Act. *See* 12 U.S.C. § 221.

[2] Plaintiffs urge the court to adopt the "localization test" to determine BB&T's citizenship. *See Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 455 (3d Cir. 1959). However, the localization test is not relevant to this inquiry. Plaintiffs have ignored the Supreme Court's holding in *Wachovia Bank* that national banking associations are subject to the "main office" test. 546 U.S. at 318. The fact that BB&T has branches in Maryland does not make it a Maryland citizen. *Id.* at 317 (rejecting argument that national bank is a citizen of every state in which it has branch offices).

4

> A national banking association's "principal place of business" could be the same state as the one in which its main office as set forth in its articles of association is located, but the two phrases *should not be used interchangeably*. The "principal place of business" test is relevant to a corporation's citizenship under 28 U.S.C. § 1332(c)(1); as discussed above, the "main office, as set forth in its articles of association" test is relevant to a national banking association's citizenship under 28 U.S.C. § 1348. . . . [A] national banking association's articles of association could set forth a different state for its main office than the one determined to be its principal place of business.

*Id.* at *1 n.1 (emphasis added). Although BB&T's Notice of Removal identifies North Carolina as the location of its headquarters[3] and principal place of business, Doc. No. 1 ¶ 8, the Court cannot necessarily conclude that its "main office," as set forth in the articles of association, is similarly located in North Carolina. The Court requires information regarding BB&T's main office not as "a mere formality designed to trap the unwary," but because it is essential to ensure that complete diversity exists. *Schlegel*, 2007 WL 1244567, at *1.

Defendant emphasizes that Plaintiffs' Complaint identifies BB&T as a "North Carolina banking corporation," but this does not equate to an admission that BB&T's main office, as set forth in its articles of association, is located in North Carolina. *See* Doc. No. 2 ¶ 3. BB&T also attaches an exhibit showing a page from the Federal Deposit Insurance Corporation which identifies BB&T's headquarters as being in North Carolina. *See* Doc. No. 10 Ex. A. Again, the Court cannot necessarily infer that BB&T's "main office" is located in North Carolina based on the record before it. Certain representations in BB&T's opposition brief also fail to clarify the issues regarding its citizenship For example, Defendant claims that it is a North Carolina citizen, "the State by which it is chartered," and also suggests that it is incorporated in the state of North Carolina. See Doc. No. 10 at 2, 4. These assertions appear to contradict the Notice of Removal,

---
[3] For the same reasons the *Schlegel* court did not equate "principal place of business" to "main office," the Court cannot necessarily infer that Defendant's "headquarters" is identical to its "main office," as listed in its articles of association.

5

which alleges that BB&T is a national banking association chartered by the Office of the Comptroller of the Currency. In light of this uncertainty, the Court will defer ruling on the motion to remand and grant BB&T ten days to clarify its position. In particular, BB&T must specify the location of its main office as set forth in its articles of association. Such clarification may be achieved by filing an amended notice of removal[3] or by filing an affidavit which establishes a factual basis for the Court to determine that BB&T is not a citizen of Maryland for diversity purposes.

Plaintiffs' remaining arguments in support of remand are without merit. Plaintiffs argue that BB&T has waived federal subject matter jurisdiction because it filed the confessed judgment action in the Circuit Court for Calvert County. *See* Doc. No. 9 Ex. A. Plaintiffs argue that the confessed judgment action "arises from the same set of commercial transactions and relationships giving rise to Plaintiff's' Complaint, which Defendant now seeks to transfer to this Court." Doc. No. 9 at ¶ 9. The issue here is whether previously filing an action in state court waives a defendant's right to remove to federal court in a subsequent case when the actions have common facts.

"A defendant may waive the right to remove by taking . . . substantial defensive action in state court *before* petitioning for removal." *Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) (emphasis in original) (noting that defendant's filing of cross-claim or counterclaim in state court would constitute substantial defensive action); *but see Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 542 (D. Md. 2012) (holding that a defendant who moved to dismiss plaintiff's petition to enforce an arbitration award before removing to

---

[3] "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[C]ourts allow amendment of removal petitions where the imperfection in the jurisdictional allegation is a mere technical defect." *Molnar-Szilasi v. Sears Roebuck & Co.*, 429 F. Supp. 2d 728, 730 (D. Md. 2006) (internal quotations omitted).

6

federal court did not take substantial defensive action sufficient to constitute a waiver of its right to remove), *Haak Motors LLC v. Arangio*, 670 F. Supp. 2d 430, 433 (D. Md. 2009) (holding that filing of general denial and affirmative defenses in state court action did not constitute substantial defensive action). "The defensive action must demonstrate a clear and unequivocal intent to remain in state court." *Haak*, 670 F. Supp. 2d at 433 (internal quotations omitted). "Waiver is found only in extreme situations." *Id.* (internal quotations omitted).

BB&T took no action on Plaintiffs' suit in state court prior to removing to this Court. Plaintiffs have not cited any legal authority that suggests that the initiation of prior, separate actions automatically waives the right to remove in a subsequent, separate case. Filing a timely Notice of Removal does not constitute "substantial defensive action," and thus BB&T has not waived its access to federal court.

Plaintiffs' final objection is that BB&T's Notice of Removal indicates that the venue for this action is the United States District Court of Maryland, Northern Division, while "[t]he proper venue and jurisdiction rests with the Southern Division of this Court, not the Northern Division. The Southern Division includes Calvert County where this case originated and Defendant filed its Notice of Transfer [sic] from the Circuit Court of Calvert County to Federal District Court." Doc. No. 9 ¶ 6. However, the defect that Plaintiffs identify in this case is not even a jurisdictional allegation, but rather, a mistaken designation of division in the caption and paragraph 3 of the Notice of Removal. Despite these mistaken designations, the case was removed to the Southern Division of this District, and the Court discerns no jurisdictional defect. Accordingly, remand is not appropriate based on the mistaken designation of division. The Eastern District of New York reached such a conclusion when faced with a similar defect, denying the plaintiffs' motion to remand where the defendant mistakenly labeled its notice of

7

removal a "petition of removal." *See Waldron Midway Enters., Inc. v. Coast Fed. Bank*, No. CV-91-1750 (RJD), 1992 WL 81724, at *2 (E.D.N.Y. Apr. 10, 1992).

### III. CONCLUSION

For the foregoing reasons, BB&T will be required, within ten days of the date this Opinion and accompanying Order are docketed, to file an amended notice of removal or an affidavit that clarifies the location of its main office as set forth in its articles of association, such that the Court is able to determine whether complete diversity exists in this case. A separate Order follows.

| June 19, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |